IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-WM-471-WM (MJW)

GREGG STOUFFER,

    Plaintiff,

v.

KROENKE SPORTS ENTERPRISES, LLC,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on a motion for summary judgment filed by defendant Kroenke Sports Enterprises, LLC (KSE). I have reviewed the parties' written arguments and the evidence provided with their filings and conclude that oral argument is not required. For the reasons that follow, the motion will be granted in part and denied in part.

### Background[1]

Following my ruling on KSE's first motions for summary judgment, this case remains pending on plaintiff Gregg Stouffer (Stouffer)'s retaliation claim to the extent it is based on his opposition to perceived unlawful discrimination in the form of what

---

[1] The facts of the case are set forth in my prior summary judgment order. I discuss here only those facts pertinent to the current motion.

the parties refer to as the "Personnet incident."

Stouffer worked for KSE as the Manager of Game Entertainment and Video Services for the Colorado Avalanche and the Denver Nuggets from 1999 until his termination in September 2002.[2] In December 2001, Lou Personnet, a KSE employee, was videotaped making lewd gestures toward a projected image of a Nuggets dancer. Stouffer viewed the videotape in the course of his editing responsibilities and opposed the use of the footage by KSE.

In January 2002, Stouffer was suspended for five days, ostensibly for improperly disclosing the videotape to other KSE employees. In January and August 2002, Stouffer was passed over for promotions. On September 4, 2002, KSE terminated Stouffer's employment on the grounds that he failed to comply with a recent change in his work hours. He challenges the legality of his termination, as well as the suspension and failures to promote him, claiming that KSE's adverse decisions were motivated by his complaints about Personnet's conduct.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury

---

[2] In September 1999, Stouffer's employer was Ascent Arena Development Corporation, owner and operator of the Colorado Avalanche and the Denver Nuggets. KSE became his employer in 2000 when it purchased Ascent.

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

To establish a *prima facie* case of retaliation, Stouffer must provide evidence that: (1) he engaged in protected opposition to discrimination; (2) he was subject to an adverse employment action subsequent to or contemporaneous with the protected opposition; and (3) a causal connection exists between the adverse employment action and his protected activity. *Trujillo v. Univ. of Colorado Health Sciences Center*, 157 F.3d 1211, 1215 (10th Cir. 1998). Here, the protected activity alleged (the opposition to the videotape) occurred sometime after December 23, 2001, when the videotape was made. Stouffer contends KSE retaliated against him for his opposition to the Personnet incident by suspending him on January 8, 2002; by failing to promote him in January 2002 and again around August 2002, and by terminating him on September 4, 2002. I address each of these occurrences below.

1.     Validity of Retaliation Claim

KSE first argues that Stouffer cannot maintain his retaliation claim because he allegedly did not follow company procedures for reporting discriminatory conduct.  It relies on *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. Boca Raton*, 524 U.S. 775 (1998).  KSE also insinuates that there is no basis for the retaliation claim because the Personnet incident did not amount to sexual harassment.

Neither *Ellerth* nor *Faragher* impose an affirmative duty on an employee to follow company procedure in reporting harassment as a precondition for maintaining a retaliation claim.[3]  KSE cites no other authority for its claim that such an affirmative duty exists.  To the contrary, the Tenth Circuit has indicated, albeit before the Supreme Court issued its decisions in *Ellerth* and *Faragher*, that an employee need not make a formal complaint "to trigger the prohibition against retaliation."  *Jeffries v. Kansas*, 147

---

[3]     The Court in *Ellerth* and *Faragher* held that an employer is subject to vicarious liability to its employees for an actionable hostile environment created by a supervisor.  *Faragher*, 524 U.S. at 807.  The employer, however, may raise an affirmative defense to such liability in cases where no tangible employment action is taken.  *Id*.  An element of that defense is that the employee "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise."  *Id*.  Thus, Stouffer's alleged failure to follow procedures in this case would be relevant to an affirmative defense and not a bar to bringing the retaliation claim.

As Stouffer points out, this affirmative defense is not available in this case because, even assuming the holdings apply to retaliation claims as well as claims for hostile work environment, there was tangible employment action in the form of the suspension, failures to promote, and termination.

F.3d 1220, 1231 n.9 (10th Cir. 1998) (citing *Kilgore v. Thompson & Brock Mgmt., Inc.*, 93 F.3d 752, 754 & n.1 (11th Cir. 1996) ("It is unfortunate, but not fatal, that the plaintiffs elected not to follow established written procedures for notification")). Further, Stouffer may maintain his retaliation claim even if the conduct complained of did not violate Title VII. *Id.* at 1231.

2.      January 2002 Suspension

KSE asserts in its reply brief that the January 2002 suspension was appropriate discipline for Stouffer's actions in failing to follow KSE's discrimination reporting policy. Because KSE did not address the suspension in its opening brief it has waived this issue. *Ward v. Utah*, 389 F.3d 1293, 1246 (10th Cir. 2005) (arguments first raised in a reply brief are waived).

Summary judgment is therefore unavailable on the retaliation claim to the extent it is based on the January 2002 suspension.

3.      Failures to Promote

KSE next argues that Stouffer cannot establish a causal connection between the protected activity and the decisions to promote Kyle Keefe (January 2002) and Harlan Hendrickson (August 2002) over Stouffer.

In January 2002, Tom Philand, Personnet's supervisor, decided to promote Keefe to the position of Senior Director of Game Entertainment. KSE provides evidence that Philand was not aware of Stouffer's conduct regarding the Personnet incident when he made the promotion decision. Exhibit K, Philand Affidavit, ¶ 2.

Stouffer does not raise a genuine issue of material fact to counter this affidavit. In his response to KSE's statement of undisputed facts, Stouffer asserts that Keefe's promotion was not made until February 15, 2002, after Stouffer's suspension. The evidence cited, however, appears to be a portion of Keefe's personnel file, and the document itself reflects that the promotion was effective on January 17, 2002. Exhibit 4 to Response. Further, none of Stouffer's evidence identifies the date that Philand actually made the decision, as opposed to when the promotion took effect or when the paperwork was completed.

In his response, Stouffer also argues that Philand's affidavit is self-serving because Philand did not testify in his deposition that he was unaware of Stouffer's conduct when he decided to promote Keefe. An affidavit is not necessarily self-serving merely because it supports a parties' position. Here, Philand's deposition is not in conflict with his affidavit. Philand Deposition, Exhibit G, at 18 (Philand testifying that he did not view Keefe decision as related to Stouffer). *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364-65 (8th Cir. 1983) (affidavit self-serving where did not explain aspects of deposition testimony, deposition did not reflect confusion requiring explanation, and affidavit was inconsistent with deposition).

Stouffer next argues that Philand gave inconsistent explanations for the promotions of Keefe and Hendrickson, promoting Keefe because he had more experience than Stouffer but promoting Hendrickson because of lesser experience. Stouffer provides no record support for this assertion. Fed. R. Civ. P. 56(e) (party

6

opposing summary judgment "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").

Because Stouffer has not raised a genuine factual dispute regarding KSE's evidence that Philand was unaware of Stouffer's conduct when he decided to promote Keefe in January 2002, KSE is entitled to summary judgment on this aspect of the retaliation claim. *Sanchez v. Denver Public Schools*, 164 F.3d 527, 534 (10th Cir. 1998).

Likewise, the only argument Stouffer makes regarding the Hendrickson promotion in August 2002 is his unsupported allegation of Philand's inconsistent explanations for the promotions. As discussed above, this is insufficient to withstand summary judgment.

4.  Termination

KSE moves for summary judgment on the termination issue, arguing that Stouffer was terminated for legitimate, non-discriminatory reasons and that Stouffer cannot show causation because of the lapse in time between the protected activity and his termination.

KSE asserts that Philand introduced an 8:30 a.m. start time for employees in his department in August 2002. When Stouffer did not comply with this requirement, he was terminated. KSE contends the reporting requirement was a legitimate business decision instituted to help the department perform better as a team and not to retaliate against Stouffer.

Stouffer contends the decision to terminate him for failing to comply with the reporting requirement was pretextual because the business revolved around sporting events (and thus the employees did not need to work a 9-5 schedule) and because the evidence is unclear when the 8:30 a.m. policy came into effect. In his response to KSE's statement of undisputed facts, he alleges without citation to the record that Philand was aware that Stouffer "had a legal obligation to his special need child's education plan" and could not be in the office at 8:30 a.m. Stouffer also avers in his affidavit that four employees in the department were not subject to the reporting requirement. He does not provide any names for these employees.

Stouffer's response is again insufficient to prevent summary judgment. The nature of KSE's business, by itself, does not make Philand's desire to improve team spirit a pretext for retaliation. Further, the effective date of the policy is not relevant to the issue of whether Stouffer was terminated for failing to comply. He cites no evidence that Philand was aware of his family circumstances. Finally KSE provides evidence that there were at least two employees who did not work in the office and thus were exempt from the policy. Stouffer's conclusory statement in his affidavit that four employees were not subject to the policy does not create a factual issue requiring trial.

Because I agree that Stouffer has not raised a triable issue regarding pretext, I do not reach KSE's argument that the eight-month lapse between the protected activity and the termination will not support causation.

Accordingly, it is ordered:

1. Defendant's motion for summary judgment, filed April 16, 2004, is granted in part to dismiss Stouffer's claims for retaliation based on the failures to promote in January 2002 and August 2002 and his September 2002 termination. The balance of the motion is denied.

2. This case remains pending for trial on Stouffer's claim that he was suspended in January 2002 in retaliation for his alleged opposition to perceived discrimination in the form of the Personnet videotape incident.

DATED at Denver, Colorado, on September 8, 2005.

                                           BY THE COURT:

                                           /s/ Walker D. Miller
                                           United States District Judge